IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SPENCER GARDNER, | Cause No. CV 21-17-H-BMM-KLD |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| JIM SALMONSEN, et al., | OF U.S. MAGISTRATE JUDGE |
| Defendants. | |

On March 4, 2021, Plaintiff Gardner moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983 alleging violations of his civil rights by staff members at Montana State Prison. Gardner is a state prisoner proceeding pro se.

On June 24, 2021, the Court granted Gardner's motion to proceed in forma pauperis and permitted him to amend his pleading on or before July 16, 2021. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); Order (Doc. 5) at 2–3. Gardner failed to respond to the Order.

On August 5, 2021, the Court ordered Gardner to show cause why the case should not be dismissed for failure to prosecute. *See* Order (Doc. 7) at 1–2. Gardner failed to respond to that Order.

1

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may act on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

Five factors influence the decision. A court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor favors dismissal, and the fifth counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). No special considerations suggest these factors should be viewed differently in this case. The Court will consider factors two, three, and four.

On June 24, 2021, the Court explained that Gardner's allegations were almost entirely conclusory and advised him of what he must do to state a claim

2

against a defendant. *See* Order (Doc. 5) at 2–3. Gardner's failure to respond contrasts with other plaintiffs' attempts to comply with the law. The Court's time and resources should be directed to them. This case interferes with and takes time away from those cases. The second factor, concerning docket management, weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990).

Plaintiff's inaction prejudices Defendants by preventing them from identifying witnesses and preserving relevant evidence. The third factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

 No viable alternatives to dismissal appear. The Court has already provided Gardner with two opportunities to continue the action. This factor weights in favor of dismissal.

Courts exist to resolve disputes on the merits. Here, however, Gardner has abandoned the action. All four of the other *Pagtalunan* factors counsel dismissal.

The law governing this decision is well-established. As Gardner has abandoned the action, an appeal could not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, IT IS RECOMMENDED:

1. This action should be DISMISSED pursuant to Federal Rule of Civil

Procedure 41(b) for failure to prosecute.

2. The clerk should be directed to enter, by separate document, a judgment of dismissal for failure to prosecute.

3. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Gardner may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Gardner must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 13th day of September, 2021.

                                                             /s/ Kathleen L. DeSoto
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.